United States District Court
for the
Southern District of Florida

| Yoslan Martinez, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-25080-Civ-Scola |
| | ) | |
| U.S. Parking, Defendant. | ) | |

## **Order Dismissing Case**

This matter is before the Court on an independent review of the record. The Plaintiff initiated this action on December 10, 2019 against Defendant U.S. Parking. (ECF No. 1.) The Plaintiff's complaint fails to show that the Court has subject matter jurisdiction over this action. On December 12, 2019, the Court referred to Magistrate Judge Torres the Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 3) and a 28 U.S.C. § 1915(e)(2) determination as to whether this case is due to be dismissed (ECF No. 4). Judge Torres denied the motion because it failed to show "why this Court has subject matter jurisdiction over the action that warrants in forma pauperis treatment." (ECF No. 6 at 2.) The complaint alleges civil rights violations under 42 U.S.C. § 1983 stemming from his purported termination of employment. (ECF No. 1 at 3.) However, the named defendant, U.S. Parking, appears to be a private valet service that is not identified as a state actor or otherwise subject to Section 1983. Treating the pro se complaint liberally so as to avoid deeming it frivolous, Judge Torres construed the complaint as alleging discrimination against a private employer in violation of other federal or state statutes. (ECF No. 6 at 2.) The complaint, which is ultimately based on a "generic 'right to work' claim" still failed to state a cognizable claim under such a theory. (*Id.*) Moreover, the complaint "does not reference the exhaustion of any administrative remedies that would in the normal course be prerequisites for any such action." (*Id.* (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) (administrative exhaustion is a jurisdictional prerequisite to Title VII actions).) Accordingly, Judge Torres denied the motion for leave to proceed in forma pauperis on the basis that the Plaintiff failed to show that the action was not frivolous.

Judge Torres allowed the Plaintiff to either amend the complaint or show cause why the action should not be dismissed by no later than February 23, 2020. However, the Plaintiff's February 19, 2020 "Motion to Show Cause" fails to adequately cure the defects in the complaint. (ECF No. 10.) The motion, in its entirety, provides:

> Plaintiff, Yoslan Martinez files this motion to Show Cause. The complaint should not be dismissed for lack of subject matter jurisdiction. The Federal Court has jurisdiction because Mr. Martinez['s] [rights under the] United States Constitution w[ere] violated by the Defendant U.S. Parking, which is the right to work. Which is also law by Florida law and the Florida Constitution.

(*Id.*)

"[A] district court has the inherent authority to dismiss a patently frivolous complaint," even when the plaintiff has paid the required filing fee. *Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012). "A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Guthrie v. U.S.* Government, No. 17-80390, 2017 WL 5479877, at *2 (S.D. Fla. March 31, 2017) (Middlebrooks, J.) (citations and quotations omitted). Here, following an opportunity to amend or show cause to avoid dismissal, the complaint remains without arguable merit in law or in fact. As a result, this case is **dismissed** under the Court's inherent authority.

The **Clerk** is instructed to **close** this case and **mail** a copy of this order to the Plaintiff at the address listed below. All pending motions, if any, are **denied** as moot.

**Done and ordered**, in chambers, at Miami, Florida on March 31, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Yoslan Martinez
190137925
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125